# UNITED STATES DISTRICT COURT
### for the
### Western District of Missouri

| | | |
|---|---|---|
| SHAWNEE MISSION MEDICAL CENTER INC. (d/b/a ADVENTHEALTH SHAWNEE MISSION), | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  Case No. 4:25-CV-00513-RK |
| | ) | |
| BLUE CROSS AND BLUE SHIELD OF KANSAS CITY | ) | |
| *Defendant* | ) | |

**EXHIBIT**

**1**

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Machinify (Aixo, Inc - Apixio, LLC)

_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Ex. A

| Place: Suzann M. Shehan-Ames<br>Kutak Rock LLP<br>1650 Farnam Street<br>Omaha, NE 68102 | Date and Time:<br><br>10/20/2025 12:03 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

/s/ M. Courtney Koger

_____        _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiffs Shawnee Mission Medical Center Inc., (d/b/a AdventHealth Shawnee Mission)   , who issues or requests this subpoena, are:

Suzanne M. Shehan-Ames, Esq., Kutak Rock LLP, 1650 Farnam Street, Omaha, NE 68102, 402-346-6000, suzanne.shehan-ames@kutakrock.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. Case No. 4:25-CV-00513-RK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition*.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery*.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions*.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection*.**
  **(A)** *Appearance Not Required*. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena*.**
  **(A)** *When Required*. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B)** *When Permitted*. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative*. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information*.** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents*. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified*. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form*. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information*. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection*.**
  **(A)** *Information Withheld*. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced*. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

## I. DEFINITIONS

The following definitions shall apply to this Exhibit A:

A. The term "AdventHealth" refers to Claimants AdventHealth and Shawnee Mission Medical Center, Inc. (d/b/a AdventHealth Shawnee Mission) and their affiliates, parents, subsidiaries, divisions, officers, employees, agents and representatives, including its attorneys or any employee, agent or representative of its attorneys.

B. The terms "you," "your," and "yours" mean Apixio Healthcare, LLC, (**"Apixio"**) and its parents, predecessors, successors, affiliated companies, acquired companies, directors, officers, claims professionals, employees, representatives, and agents.

C. "BCBSKC" means Blue Cross Blue Shield of Kansas City, and all affiliates, parents, subsidiaries, divisions, officers, employees, agents and representatives, including its attorneys or an employee, agent or representative of its attorneys.

D. "Apixio Audits" means any review of documenting, coding, and/or billing for services in connection with claims submitted by AdventHealth and conducted on BCBSKC's behalf by Apixio between January 1, 2017 and the present.

E. "Communications" shall mean any transfer or exchange between two or more persons of any information in-person, orally, and/or by written or electronic means including, but not limited to, written correspondence, electronic mail, text message, instant message, facsimile, and telegram.

F. "Documents" means any writings, recordings, and electronically stored information and includes the originals, all copies that are not identical to the original or to each other, and all drafts of all written, reported, recorded, or graphic matter, however produced or reproduced, now or at any time in your possession, custody, or control, including but not limited to correspondence, e-mails, contracts, including all amendments and exhibits thereto, telegrams, memoranda, minutes, notes, reports, records, drafts, recordings, notebooks, plans, drawings, photographs, sketches, specifications, instructions, insurance contracts, title documents, checks, notes, medical records, policies, procedures, guidelines, manuals, protocols, instructions, checklists, worksheets and all records by electronic, photographic, or mechanical means. All documents within your possession, custody, or control shall be produced without limitation. A document is deemed to be in your control if you have a superior right to compel the production of the requested discovery from a third party (including an agency, authority, or representative).

## II. REQUESTED DOCUMENTS

1. All non-privileged Documents relating to the Apixio Audits, including but not limited to any communications involving Apixio employees, auditors or representatives.

2. All communications between Apixio and BCBSKC, or AdventHealth, relating to the Apixio Audits.

3. All policies, procedures, instructions, or audit guidelines used by Apixio or its employees or auditors relating to the performance of the Apixio Audits or the use of any artificial intelligence in connection with same.

4. All non-privileged Documents relating to any contract or agreement between BCBSKC and Apixio relating to review of claims submitted by AdventHealth, including all contracts, agreements, amendments, or Documents relating to compensation or payments made or owed by BCBSKC to Apixio, and relating to maintaining the security of information relating to or provided by AdventHealth.

5. All Apixio Audits performed in which Apixio did not review AdventHealth medical records relating to services provided to the relevant AdventHealth patient.

6. Any bonus or incentive payments offered or paid to Apixio or its employees or auditors relating to the performance or results of the Apixio Audits

7. Documents identifying the qualifications of all persons conducting the Apixio Audits.

8. All non-privileged Documents identifying the confidentiality safeguards Apixio employed to protect information Apixio received from AdventHealth ("AH Information").

9. All documents provided by BCBSKC to Apixio that contain AH Information.

10. All Documents relating to any AH Information that Apixio disclosed to third parties.

11. Documents sufficient to show, on an annual basis, the total dollar value of all "adjustments", denials, disallowances, reductions Apixio recommended to the charges reported on Advent's claims during the Relevant Period.

4913-9853-6810.1

12. All Non-Privileged Documents sufficient to show the business relationship between Apixio and MES Peer Review Services and the role of MES Peer review in the Apixio Audits.