IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SHAWNEE MISSION MEDICAL CENTER, INC. (d/b/a ADVENTHEALTH SHAWNEE MISSION),[1]  Plaintiff,  v.  BLUE CROSS AND BLUE SHIELD OF KANSAS CITY;  Defendant. | Case No. 4:25-cv-00513-RK |

## ORDER

Before the Court is Plaintiff's motion for order to show cause against non-party Machinify, Inc., for its failure to respond to Plaintiff's subpoena. (Docs. 25, 26.)

On September 19, 2025, Plaintiff filed a notice of intent to serve subpoenas which included the subpoena to be served upon Machinfy, Inc. (Aixo, Inc. – Apixio, LLC). (Doc. 18-1.) On October 14, 2025, Plaintiffs filed a notice of return of service indicating that the subpoena had been served on Machinify on October 1, 2025. (Doc. 23.) More than 14 days passed between the date of service and Plaintiff's instant motion, and Plaintiff represents that Machinify has not complied with the subpoena. *See* Fed. R. Civ. P. 45(d)(2)(B) (regarding subpoenas to produce documents, "objection[s] must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served"). Thus, Plaintiff seeks an order to show cause why Machinify failed to comply with the subpoena and why the Court should not hold Machinify in contempt.

Rule 45(g) of the Federal Rules of Civil Procedure provides that "[t]he court for the district *where compliance is required*—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena . . . ." (Emphasis added). For production of documents, the "place of compliance" may be "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in

---

[1] Plaintiff's motion and suggestions in support list as Plaintiffs "AdventHealth" and "Shawnee Mission Medical Center, Inc. d/b/a AdventHealth Shawnee Mission." However, the petition lists only Shawnee Mission Medical Center, Inc. d/b/a AdventHealth Shawnee Mission as a plaintiff, (Doc. 1 at 19), and it does not appear that "AdventHealth" has otherwise sought to join the case as a party plaintiff.

person." Fed. R. Civ. P. 45(C)(2)(A). "[A] majority of federal courts agree that the 'district where compliance is required' is the place of compliance named in the subpoena." *Grand Prairie Foods, Inc. v. Echo Lake Foods, Inc.*, No. 4:23-cv-04027-KES, 2024 WL 4452720, at *2 (D.S.D. Oct. 8, 2024) (citation omitted). "Other courts have interpreted the 'place where compliance is required' . . . to mean the location of the subpoenaed nonparty, even if different than the location for the production of documents identified on the face of the subpoena." *Id.* Regardless, here, the Western District of Missouri is neither the place of compliance named in the subpoena nor the location of the subpoenaed nonparty.

On the face of the subpoena, the place of compliance (in other words, the place where documents are to be produced) is Kutak Rock, LLP, at 1650 Farnam Street, Omaha, Nebraska 68102. (Doc. 18-1 at 1.) Additionally, Machinify was served through its registered agent, Prasanna Ganesan, at 635 High Street, Palo Alto, California 94301. (Doc. 23 at 1.) Therefore, it appears that the place of compliance—and thus the proper district court from which to request relief related to Machinify's failure to respond to the subpoena—is in the District of Nebraska or the Northern District of California. Nor has this "motion [been] transferred" to the Western District of Missouri from the district where compliance is required. Fed. R. Civ. P. 45(g).

Accordingly, the Court **ORDERS** that Plaintiff's motion for order to show cause is **DENIED without prejudice**.

**IT IS SO ORDERED.**

                                                                                s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: November 24, 2025