SHAWNEE MISSION MEDICAL
CENTER, INC., d/b/a ADVENTHEALTH
SHAWNEE MISSION,

      Plaintiff,

v.

BLUE CROSS AND BLUE SHIELD OF
KANSAS CITY,

      Defendant.

Case No. 4:25-cv-00513-RK

## DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S PETITION

Defendant Blue Cross and Blue Shield of Kansas City ("Blue KC"), by and through its attorneys, Crowell & Moring LLP and Lasher Holzapfel Sperry & Ebberson PLLC, answers the Petition (hereinafter "Complaint") of Plaintiff Shawnee Mission Medical Center, Inc. d/b/a AdventHealth Shawnee Mission (hereinafter "Advent") as follows:

### I.      INTRODUCTION

**ANSWER:** Blue KC admits that Advent has brought this case. Blue KC denies the remaining allegations of this paragraph.

### II.      NATURE OF THE CASE

1.     **ANSWER:** Blue KC admits that the parties entered into a Hospital Network Agreement as of November 1, 2002. The Agreement speaks for itself and Blue KC denies all allegations inconsistent with the Agreement. The remaining allegations of this paragraph are admitted upon information and belief.

2.     **ANSWER:** Blue KC admits that it is a Missouri not-for-profit health care services corporation with its principal place of business in Jackson County, Missouri. The Agreement, its

Exhibits, Attachments, Schedules, and Addenda speak for themselves and Blue KC denies all allegations inconsistent with the Agreement, its Exhibits, Attachments, Schedules, and Addenda, and denies the remaining allegations in this Paragraph.

3. **ANSWER:** Denied.

4. **ANSWER:** Denied.

5. **ANSWER:** Blue KC admits that its clinical validation audits have not resulted in any quality of care actions related to Advent. The remaining allegations of this paragraph are denied.

6. **ANSWER:** Denied.

7. **ANSWER:** Blue KC admits only that its clinical validation audits examine hospital inpatient claims which have an impact on the DRG assigned, including MCCs or CCs. The remaining allegations of this paragraph are denied.

8. **ANSWER:** Denied.

9. **ANSWER:** Denied.

10. **ANSWER:** Denied.

### III.   JURISDICTION AND VENUE

11. **ANSWER:** Denied. By way of further response, this case has been removed to the District Court for the Western District of Missouri. Blue KC admits jurisdiction is proper in the United States District Court for the Western District of Missouri.

12. **ANSWER:** Denied. By way of further response, this case has been removed to the District Court for the Western District of Missouri. Blue KC admits venue is proper in the United States District Court for the Western District of Missouri.

2

13.     **ANSWER:** The allegations in Paragraph 13 constitute legal conclusions. Blue KC does not have sufficient information to assess the validity of the legal conclusions in the abstract as phrased by Advent and therefore denies same.

### IV.     STATEMENT OF RELEVANT FACTS AND RULES

#### A.  Identification and Relationship of the Parties

14.     **ANSWER:** Upon information and belief, admitted.

15.     **ANSWER:** Admitted.

16.     **ANSWER:** Blue KC's website and the referenced article speak for themselves and Blue KC denies all allegations inconsistent with Blue KC's website and the referenced article. Blue KC denies the characterization of its decision to exit the Kansas City Medicare Advantage market in 2025. Blue KC denies the allegation that it does not adhere to its mission statement or that its actions "appear strategically designed to improve its balance sheet rather than to promote access to healthcare or improve the health of its members." The remaining allegations are admitted.

17.     **ANSWER:** The Agreement speaks for itself and Blue KC denies all allegations inconsistent with the Agreement and denies the remaining allegations in this Paragraph..

18.     **ANSWER:** The Agreement and Amendment One thereto speak for themselves and Blue KC denies all allegations inconsistent with the Agreement and Amendment One and denies the remaining allegations in this Paragraph.

19.     **ANSWER:** The Agreement speaks for itself and Blue KC denies all allegations inconsistent with the Agreement and denies the remaining allegations in this Paragraph.

20.     **ANSWER:** The Agreement speaks for itself and Blue KC denies all allegations inconsistent with the Agreement and denies the remaining allegations in this Paragraph.

21.     **ANSWER:** The Agreement speaks for itself and Blue KC denies all allegations inconsistent with the Agreement and denies the remaining allegations in this Paragraph.

22.     **ANSWER:** The Agreement speaks for itself and Blue KC denies all allegations inconsistent with the Agreement and denies the remaining allegations in this Paragraph.

23.     **ANSWER:** Blue KC states that the allegations in Paragraph 23 state legal conclusions. Blue KC does not have sufficient information to assess the validity of the legal conclusions in the abstract as phrased by Advent and therefore denies same.

**B. Summary of Claim Submission Requirements and Audit/Appeal Procedures**

24.     **ANSWER:** Blue KC states that the allegations in Paragraph 24 state legal conclusions. Blue KC does not have sufficient information to assess the validity of the legal conclusions in the abstract as phrased by Advent and therefore denies same.

25.     **ANSWER:** Admitted.

26.     **ANSWER:** The Agreement speaks for itself and Blue KC denies all allegations inconsistent with the Agreement and denies the remaining allegations in this Paragraph.

27.     **ANSWER:** The Agreement speaks for itself and Blue KC denies all allegations inconsistent with the Agreement and denies the remaining allegations in this Paragraph.

28.     **ANSWER:** The Agreement speaks for itself and Blue KC denies all allegations inconsistent with the Agreement and denies the remaining allegations in this Paragraph.

29.     **ANSWER:** Blue KC states that the allegations in Paragraph 29 state legal conclusions. Blue KC does not have sufficient information to assess the validity of the legal conclusions in the abstract as phrased by Advent and therefore denies same.

30.     **ANSWER:** The Provider Office Guide speaks for itself and Blue KC denies all allegations inconsistent with the Provider Office Guide and denies the remaining allegations in this Paragraph.

31.     **ANSWER:** The Post Claim Review Policy speaks for itself and Blue KC denies all allegations inconsistent with the Post Claim Review Policy and denies the remaining allegations in this Paragraph.

32.     **ANSWER:** The Agreement speaks for itself and Blue KC denies all allegations inconsistent with the Agreement and denies the remaining allegations in this Paragraph.

33.     **ANSWER:** Denied.

**C.  BACKGROUND REGARDING CLINICAL VALIDATION AUDITS**

34.     **ANSWER:** The Medicare Statement of Work speaks for itself and Blue KC denies all allegations inconsistent with the Medicare Statement of Work. Blue KC denies that Blue KC's clinical validation audits as characterized herein originated from the referenced document. Blue KC denies the remaining allegations of this Paragraph.

35.     **ANSWER:** CMS Pub. 100-08 speaks for itself and Blue KC denies all allegations inconsistent with CMS Pub. 100-08 and denies the remaining allegations in this Paragraph.

*1.     ICD-10-CM Official Guidelines for Coding and Reporting*

36.     **ANSWER:** The ICD-10-CM Official Guidelines speak for themselves and Blue KC denies all allegations inconsistent with the ICD-10-CM Official Guidelines and denies the remaining allegations in this Paragraph.

37.     **ANSWER:** The ICD-10-CM Coding Clinic 2016 Quarter 4 is a document that speaks for itself and Blue KC denies all allegations inconsistent with that document and denies the remaining allegations in this Paragraph.

38.     **ANSWER:** The ICD-10-CM Coding Clinic 2016 Quarter 4 is a document that speaks for itself and Blue KC denies all allegations inconsistent with that document and denies the remaining allegations in this Paragraph.

*2.     Coverage Decisions Under Medicare and Medicare Advantage*

39.     **ANSWER:** Blue KC admits that audits performed have included claims for services rendered to members of Medicare Advantage plans but denies the remaining allegations in Paragraph 39.

40.     **ANSWER:** Blue KC states that the allegations in Paragraph 40 and its footnote state legal conclusions. Blue KC does not have sufficient information to assess the validity of the legal conclusions in the abstract as phrased by Advent and therefore denies same.

41.     **ANSWER:** Blue KC states that the allegations in Paragraph 41 state legal conclusions. Blue KC does not have sufficient information to assess the validity of the legal conclusions in the abstract as phrased by Advent and therefore denies same.

42.     **ANSWER:** Blue KC states that the allegations in Paragraph 42 state legal conclusions. Blue KC does not have sufficient information to assess the validity of the legal conclusions in the abstract as phrased by Advent and therefore denies same.

43.     **ANSWER:** The referenced document speaks for itself and Blue KC denies all allegations inconsistent with the document and denies the remaining allegations in this Paragraph.

44.     **ANSWER:** The referenced document IOM 100-08 speaks for itself and Blue KC denies all allegations inconsistent with IOM 100-08. Blue KC states that the remaining allegations in Paragraph 44 are legal conclusions. Blue KC does not have sufficient information to assess the validity of the legal conclusions in the abstract as phrased by Advent and therefore denies same.

6

45.    **ANSWER:** The referenced HHS Document OEI-09-18-00260 speaks for itself and Blue KC denies all allegations inconsistent with Document OEI-09-18-00260. Blue KC states that the allegations in Paragraph 45 state legal conclusions. Blue KC does not have sufficient information to assess the validity of the legal conclusions in the abstract as phrased by Advent and therefore denies same. To the extent a response is required, Blue KC denies these allegations to the extent they mischaracterize MA plans' use of coverage criteria under federal regulations.

46.    **ANSWER:** 42 C.F.R. § 422.566(b)(3) and Parts C&D Enrollee Grievances, Organization/Coverage Determination, and Appeals Guidance (cms.gov) Section 40.1 speak for themselves and Blue KC denies all allegations inconsistent with those documents and denies the remaining allegations in this Paragraph. Blue KC states that the allegations in Paragraph 48 and its footnotes state legal conclusions. Blue KC does not have sufficient information to assess the validity of the legal conclusions in the abstract as phrased by Advent and therefore denies same.

47.    **ANSWER:** Blue KC states that the allegations in Paragraph 47 state legal conclusions. Blue KC does not have sufficient information to assess the validity of the legal conclusions in the abstract as phrased by Advent and therefore denies same.

48.    **ANSWER:** The referenced HHS Document OEI-09-18-00260 speaks for itself and Blue KC denies all allegations inconsistent with Document OEI-09-18-00260 and denies the remaining allegations in this Paragraph.

49.    **ANSWER:** The referenced HHS Document OEI-09-18-00260 speaks for itself and Blue KC denies all allegations inconsistent with Document OEI-09-18-00260 and denies the remaining allegations in this Paragraph.

50. **ANSWER:** Blue KC states that the allegations in Paragraph 50 and its footnote state legal conclusions. Blue KC does not have sufficient information to assess the validity of the legal conclusions in the abstract as phrased by Advent and therefore denies same.

51. **ANSWER:** Parts C&D Enrollee Grievances, Organization/Coverage Determination, and Appeals Guidance (cms.gov) Section 50.5.2. speaks for itself and Blue KC denies all allegations inconsistent with that document and denies the remaining allegations in this Paragraph.

*3. State Law Restrictions on the Practice of Medicine*

52. **ANSWER:** Blue KC states that the allegations in Paragraph 52 state legal conclusions. Blue KC does not have sufficient information to assess the validity of the legal conclusions in the abstract as phrased by Advent and therefore denies same.

53. **ANSWER:** Blue KC states that the allegations in Paragraph 53 state legal conclusions. Blue KC does not have sufficient information to assess the validity of the legal conclusions in the abstract as phrased by Advent and therefore denies same.

54. **ANSWER:** Blue KC states that the allegations in Paragraph 54 and its footnotes state legal conclusions. Blue KC does not have sufficient information to assess the validity of the legal conclusions in the abstract as phrased by Advent and therefore denies same.

**D. BCBSKC's Clinical Validation Audits**

55. **ANSWER:** Admitted.

56. **ANSWER:** Blue KC denies that that the allegations in Paragraph 56 accurately characterize Blue KC's clinical validation audits.

57.     **ANSWER:** Blue KC admits that it has previously retained Cotiviti and Apixio (now called Machinify) to conduct audits and that such audits included Advent patients. The remaining allegations of this paragraph are denied.

58.     **ANSWER:** Paragraph 58 references unidentified documents that speak for themselves and Blue KC denies all allegations inconsistent with those documents. Further, as these documents have not been identified, Blue KC does not have sufficient information to form a belief about the truth of the allegations and therefore denies same. By way of further response, Blue KC denies that Cotiviti or Apixio have made any admissions as described in this Paragraph. The remaining allegations of this Paragraph are denied.

59.     **ANSWER:** Denied.

60.     **ANSWER:** Denied.

61.     **ANSWER:** Blue KC states that the allegations in Paragraph 61 state legal conclusions. Blue KC does not have sufficient information to assess the validity of the legal conclusions in the abstract as phrased by Advent and therefore denies same.

*1.      BCBSKC's Reviewers Are Not Physicians*

62.     **ANSWER:** Blue KC does not have sufficient information to form a belief about the truth of the allegations and therefore denies same.

63.     **ANSWER:** Blue KC does not have sufficient information to form a belief about the truth of the allegations and therefore denies same.

64.     **ANSWER:** Blue KC states that the allegations in Paragraph 64 state legal conclusions, Blue KC does not have sufficient information to assess the validity of the legal conclusions in the abstract as phrased by Advent and therefore denies same.

9

65.     **ANSWER:** Blue KC denies the characterization of Cotiviti and Apixio's audits as described in this Paragraph. Blue KC denies that these audits were intentionally and strategically designed to reduce payments to Advent. Blue KC denies the remaining allegations in this Paragraph.

66.     **ANSWER:** Apixio's marketing speaks for itself and Blue KC denies all allegations inconsistent with the Agreement. To the extent any further response is required, Blue KC lacks sufficient information or knowledge sufficient to form a belief about the truth of the allegations in the foregoing Paragraph and therefore denies them.

67.     **ANSWER:** Apixio's marketing speaks for itself and Blue KC denies all allegations inconsistent with such marketing. To the extent any further response is required, Blue KC lacks sufficient information or knowledge sufficient to form a belief about the truth of the allegations in the foregoing Paragraph and therefore denies them.

68.     **ANSWER:** Apixio's marketing speaks for itself and Blue KC denies all allegations inconsistent with such marketing. To the extent any further response is required, Blue KC lacks sufficient information or knowledge sufficient to form a belief about the truth of the allegations in the foregoing Paragraph and therefore denies them.

69.     **ANSWER:** Apixio's marketing speaks for itself and Blue KC denies all allegations inconsistent with such marketing. To the extent any further response is required, Blue KC lacks sufficient information or knowledge sufficient to form a belief about the truth of the allegations in the foregoing Paragraph and therefore denies them.

70.     **ANSWER:** Blue KC lacks sufficient information or knowledge sufficient to form a belief about the truth of the allegations in the foregoing Paragraph and therefore denies them.

71.    **ANSWER:** Paragraph 71 references unidentified documents that speak for themselves and Blue KC denies all allegations inconsistent with those documents. Further, as these documents have not been identified, Blue KC does not have sufficient information to form a belief about the truth of the allegations and therefore denies same.

*2. BCBSKC Improperly Incentivizes Its Reviewers*

72.    **ANSWER:** Blue KC lacks sufficient information or knowledge sufficient to form a belief about the truth of the allegations in the foregoing Paragraph and therefore denies them.

73.    **ANSWER:** Blue KC states that the allegations in Paragraph 73 state legal conclusions. Blue KC does not have sufficient information to assess the validity of the legal conclusions in the abstract as phrased by Advent and therefore denies same.

74.    **ANSWER:** Blue KC states that the allegations in Paragraph 74 and its footnote state legal conclusions. Blue KC does not have sufficient information to assess the validity of the legal conclusions in the abstract as phrased by Advent and therefore denies same.

75.    **ANSWER:** Blue KC states that the allegations in Paragraph 75 and its footnote state legal conclusions. Blue KC does not have sufficient information to assess the validity of the legal conclusions in the abstract as phrased by Advent and therefore denies same.

76.    **ANSWER:** Blue KC states that the allegations in Paragraph 76 state legal conclusions. Blue KC does not have sufficient information to assess the validity of the legal conclusions in the abstract as phrased by Advent and therefore denies same. Blue KC denies the allegations of this Paragraph.

77.    **ANSWER:** Blue KC denies that its compensation or incentives to vendors contain direct or indirect incentives to make medically inappropriate review decisions. To the extent any further response is required, Blue KC lacks sufficient information or knowledge sufficient to form

a belief about the truth of the remaining allegations as to vendors' compensation or incentives to their employed or contracted reviewers in the foregoing Paragraph and therefore denies them.

> 3. *BCBSKC's Opinions Invalidating Medical Diagnoses Are Not Based on Appropriate Diagnostic Criteria*

78.     **ANSWER:** The Agreement speaks for itself and Blue KC denies all allegations inconsistent with the Agreement and denies the remaining allegations in this Paragraph. Blue KC further states that the allegations in Paragraph 78 and its footnotes state legal conclusions. Blue KC does not have sufficient information to assess the validity of the legal conclusions in the abstract as phrased by Advent and therefore denies same.

79.     **ANSWER:** Blue KC states that the allegations in Paragraph 79 state legal conclusions. Blue KC does not have sufficient information to assess the validity of the legal conclusions in the abstract as phrased by Advent and therefore denies same.

80.     **ANSWER:** Denied.

81.     **ANSWER:** Denied.

82.     **ANSWER:** Denied.

83.     **ANSWER:** Blue KC lacks sufficient information or knowledge sufficient to form a belief about the truth of the allegations in the foregoing Paragraph and therefore denies them.

84.     **ANSWER**: Blue KC states that the allegations in Paragraph 84 state legal conclusions to which no response is required. To the extent any response is required, Blue KC denies the allegations of this Paragraph.

**COUNT I**
**BREACH OF CONTRACT**

85.     **ANSWER:** Blue KC hereby incorporates by reference its responses to the allegations in Paragraphs 1-84 of the Complaint as if fully set forth herein.

12

86. **ANSWER:** Admitted.

87. **ANSWER:** The Agreement speaks for itself and Blue KC denies all allegations inconsistent with the Agreement and denies the remaining allegations in this Paragraph.

88. **ANSWER:** The Agreement speaks for itself and Blue KC denies all allegations inconsistent with the Agreement and denies the remaining allegations in this Paragraph.

89. **ANSWER:** Blue KC admits only that it conducted clinical validation audits. Blue KC denies the characterization in the allegations of Paragraph 89 as to the clinical validation audits. Blue KC denies the remaining allegations of this paragraph.

90. **ANSWER:** Blue KC states that the allegations in Paragraph 90 state legal conclusions. Blue KC does not have sufficient information to assess the validity of the legal conclusions in the abstract as phrased by Advent and therefore denies same.

91. **ANSWER:** The ICD-10-CM Official Guidelines speak for themselves and Blue KC denies all allegations inconsistent with the ICD-10-CM Official Guidelines and denies the remaining allegations in this Paragraph.

92. **ANSWER:** Denied.

93. **ANSWER:** Denied.

94. **ANSWER:** Denied.

95. **ANSWER:** Denied.

96. **ANSWER:** Denied.

**COUNT II**
**BREACH OF THE IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING**

97. **ANSWER:** Blue KC hereby incorporates by reference its responses to the allegations in Paragraphs 1-96 of the Complaint as if fully set forth herein.

98. **ANSWER:** Blue KC states that the allegations in Paragraph 98 state legal conclusions. Blue KC does not have sufficient information to assess the validity of the legal conclusions in the abstract as phrased by Advent and therefore denies same.

99. **ANSWER:** Denied.

100. **ANSWER:** Denied.

## COUNT III
## QUASI CONTRACT

101. **ANSWER:** Blue KC hereby incorporates by reference its responses to the allegations in Paragraphs 1-100 of the Complaint as if fully set forth herein.

102. **ANSWER:** Denied.

103. **ANSWER:** Denied.

104. **ANSWER:** Denied.

105. **ANSWER:** Denied.

106. **ANSWER:** Denied.

107. **ANSWER:** Denied.

108. **ANSWER:** Denied.

109. **ANSWER:** Denied.

110. **ANSWER:** Denied.

## COUNT IV
## PERMANENT INJUNCTIVE RELIEF

111. **ANSWER:** Blue KC hereby incorporates by reference its responses to the allegations in Paragraphs 1-110 of the Complaint as if fully set forth herein.

112. **ANSWER:** Denied.

113. **ANSWER:** Denied.

114.    **ANSWER:** Denied.

115.    **ANSWER:** Blue KC admits that Advent seeks the above relief request but denies that Advent is entitled to recover any such relief.

## PRAYER FOR RELIEF

**ANSWER:** Blue KC admits that Advent seeks the above relief request but denies that Advent is entitled to recover any such relief.

## DEFENSES

By listing a defense herein, Blue KC is not representing that the defense is an affirmative defense or that Blue KC bears the burden of proof. As separate and distinct defenses to Advent's claims for relief, and each of them in the Complaint, Blue KC asserts as follows:

### FIRST DEFENSE
### (Compliance with Contract)

Advent's claims are barred in whole or in part because Blue KC complied with the terms of applicable contract provisions, including Blue KC's right to audit Advent under the Agreement, including Section 6.7. Additionally, the actions of Blue KC or its representatives or agents called into question by Advent were authorized by applicable contract provisions, including but not limited to Blue KC's coding and review process, audit, and/or denial of certain claims, as well as Blue KC's right to subcontract or delegate the performance of all or any portion of its duties and responsibilities under the Agreement, including Section 10.10.

### SECOND DEFENSE
### (Statute of Limitations)

Advent's claims are barred in whole or in part by applicable statutes of limitation, RSMo. § 516.120.

15

### THIRD DEFENSE
### (Right to Recoupment and/or Offset)

Advent's claims are barred in whole or in part because Blue KC is entitled to recoupment and/or offset of overpayments under the terms of the Agreement, including Section 6.7.

### FOURTH DEFENSE
### (Industry Standards/Practices)

Advent's claims are barred in whole or in part because Blue KC processed the claims consistent with industry standards and practices and consistent with applicable statutory, regulatory, and contractual requirements. Some or all of the claims at issue were not completed and submitted by Advent in a manner consistent with industry standards and practices and/or were not consistent with applicable statutory, regulatory, and contractual requirements, including that Advent improperly coded underlying DRGs.

### FIFTH DEFENSE
### (Compliance with Laws)

Advent's claims are barred in whole or in part because Blue KC's conduct was in compliance with all applicable laws and regulations.

### SIXTH DEFENSE
### (Good Faith)

Blue KC acted at all times in good faith and in accordance with reasonable commercial standards, thus precluding any recovery by Advent.

### SEVENTH DEFENSE
### (Waiver)

Advent's claims are barred in whole or in part by the doctrine of waiver. Advent waived its right to contest Blue KC's ability (or that of Apixio or Cotiviti) to audit its claims by

16

participating in clinical validation audits and engaging with clinical validation auditors regarding same during the course of Blue KC's retention of Cotiviti and Apixio.

## EIGHTH DEFENSE
### (Claimants' Agreement to Policies and Procedures)

Advent's claims are barred in whole or in part because Blue KC's actions were compliant with its policies, procedures and programs, including but not limited to those regarding reimbursement for services, and Advent agreed to comply with policies, procedures and programs adopted by Blue KC, including Section 2.7 of the Parties' Agreement.

## NINTH DEFENSE
### (ERISA Preemption)

To the extent any of the benefit claims at issue relate to a benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et. seq.*, as amended, Advent's claims are or may be preempted by that statute.

## TENTH DEFENSE
### (Federal Employee Health Benefit Act and Medicare Advantage Statute)

To the extent that any of the benefit claims Advent asserts Blue KC improperly denied or paid are for a participant or beneficiary of a benefit plan governed by the Federal Employee Health Benefits Act ("FEHBA"), 5 U.S.C. § 8901 *et seq.* and the Medicare Advantage statute, 42 U.S.C. § 1395w-21 *et seq.*, such claim(s) are barred, in whole or in part by laws and/or regulations relating to those programs, including but not limited to preemption by or under the FEHBA or the Medicare Advantage statute and/or sovereign immunity.

## ELEVENTH DEFENSE
### (No Recovery of Attorneys' Fees)

Advent's claims and/or request for attorneys' fees are barred because Advent has not shown that a contract, rule, or statute authorizes recovery of such fees under the facts of this case.

17

Blue KC denies that such contract, rule, or statute would entitle Advent to recovery under the circumstances at issue.

**TWELFTH DEFENSE**
**(Reservation of Defenses)**

Blue KC reserves the right to subsequently assert and add defenses to the Complaint, and any part and/or whole thereof, as they become known to Blue KC, including but not limited to conditions and/or exclusions and contractual defenses in the event of discovery of further information regarding Advent's claims and the underlying action(s).

WHEREFORE, Blue KC prays for judgment as follows:

A.  That Advent takes nothing by its Complaint; and,

B.  For such other and further relief as the Court may deem just and proper.

Dated: March 5, 2026

CROWELL & MORING LLP

*s/ Dan J. Hofmeister, Jr.*

Dan J. Hofmeister, Jr. (*pro hac vice*)
Thomas C. Hardy (*pro hac vice)*
Conor M. McNally *(pro hac vice)*
300 N. LaSalle Drive, Suite 2500
Chicago, IL 60654
(312) 321-4200
dhofmeister@crowell.com
thardy@crowell.com
cmcnally@crowell.com

LASHER HOLZAPFEL SPERRY &
EBBERSON PLLC

Aaron E. Schwartz (MO 58745)
601 Union Street, Suite 2600
Seattle, WA 98101
(206) 654-1230
schwartz@lasher.com

*Attorneys for Defendant Blue Cross and Blue Shield of Kansas City*

18

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2026, a true and correct copy of the above and foregoing Defendant's Answer and Defenses to Plaintiff's Petition was electronically filed and served via electronic mail to the following counsel of record:

M. Courtney Koger (MO 42343)
Kutak Rock LLP
2405 Grand Boulevard, Suite 600
Kansas City, MO  64108-2519
courtney.koger@kutakrock.com

Thomas J. Kenny (*pro hac vice)*
Suzanne M. Shehan-Ames (*pro hac vice)*
Kutak Rock LLP
The Omaha Building
1650 Farnam Street
Omaha, NE  68102-2103
thomas.kenny@kutakrock.com
suzanne.shehan@kutakrock.com

*/s/ Dan J. Hofmeister, Jr.*
Dan J. Hofmeister, Jr.

19